# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **GERMAIN D. DAVIS, JR.,** | ) | **CASE NO. 1:14CR58** |
| | ) | **1:16CV1671** |
| | ) | |
| Petitioner, | ) | **JUDGE JOHN R. ADAMS** |
| | ) | |
| v. | ) | |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | **ORDER AND JUDGMENT ENTRY** |
| | ) | |
| Respondent. | ) | |
| | ) | |

The instant matter is before the Court upon Petitioner's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed pursuant to 28 U.S.C. § 2255. Doc. 103. The petition is DENIED.

The sole timely issue presented in the pending § 2255 motion is Petitioner's contention that he was sentenced under a statutory provision that he claims is similar to a statutory provision ruled unconstitutional by the Supreme Court. The Sixth Circuit has resolved this issue:

> Taylor's final argument is that the Supreme Court's decision in *Johnson v. United States*, ––– U.S. ––––, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), compels the conclusion that 18 U.S.C. § 924(c)(3)(B), the statute supporting two of Taylor's convictions, is unconstitutionally vague. Because § 924(c)(3)(B) is considerably narrower than the statute invalidated by the Court in *Johnson*, and because much of *Johnson*'s analysis does not apply to § 924(c)(3)(B), Taylor's argument in this regard is without merit

*United States v. Taylor*, 814 F.3d 340, 375–76 (6th Cir. 2016). Accordingly, this Court similarly rejects Petitioner's argument.

1

To the extent that Petitioner seeks to raise other arguments in which he claims error in his sentence, it is beyond dispute that any such claimed errors were not raised in a timely § 2255 petition and therefore cannot be raised herein.[1] Moreover, Davis' motion to now withdraw his petition is DENIED. Doc. 131.

**III. CONCLUSION**

For the foregoing reasons, Petitioner Germain Davis' Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody is hereby **DENIED.**

Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED.**

Dated: April 14, 2017           /s/ *John R. Adams*
                                **JOHN R. ADAMS**
                                **UNITED STATES DISTRICT JUDGE**

---

[1] The Government has properly argued and Davis has not refuted that his current petition was filed well beyond the one-year statute of limitations applicable to § 2255 proceedings and that no exception exists for any claim not premised on *Johnson*.